**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                              :
CARNIE MONTS,                 :
                              :        Civil Action
            Plaintiff,        :        09-5989 (FSH)
                              :
      v.                      :        **MEMORANDUM OPINION AND**
                              :        **ORDER**
                              :
THOMAS KAISER,                :
                              :
            Defendant.        :
_____:

IT APPEARING THAT:

1.    Plaintiff, an inmate currently confined at the Passaic
      County Jail, Paterson, New Jersey, seeks to bring this 42
      U.S.C. § 1983 action in forma pauperis without prepayment of
      fees pursuant to 28 U.S.C. § 1915.  Plaintiff duly submitted
      his application to proceed in forma pauperis pursuant to 28
      U.S.C. § 1915(a) (1998).  Plaintiff also submitted for
      filing his complaint (hereinafter "Complaint").  Plaintiff's
      Complaint named Thomas Kaiser ("Kaiser") as the sole
      Defendant in this action; Kaiser, apparently, was/is
      Plaintiff's public defender in Plaintiff's recently
      adjudicated (or currently ongoing) criminal case.
      Plaintiff's Complaint asserts that Kaiser violated
      Plaintiff's rights by providing Plaintiff with ineffective

legal assistance.

2.   In 1996, Congress enacted the Prison Litigation Reform Act ("PARA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous."  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.  Under this standard, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

3.   To recover against a defendant under 42 U.S.C. § 1983, a plaintiff must establish that the defendant acted under "color of [state] law" to deprive him of a right secured by the federal Constitution or laws.  See Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995).  Section 1983 does not create substantive rights; rather, it provides an

avenue of recovery for the deprivation of established
federal constitutional and statutory rights. See Kneipp v.
Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996); Groman, 47 F.3d
at 633.  "The color of state law . . . is a threshold issue;
there is no liability under [Section] 1983 for those not
acting under color of law." Id. at 638.  The color of state
law element in a section 1983 action requires that "the
conduct allegedly causing the deprivation of [the
plaintiff's rights] be fairly attributable to the State."
Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982). For the
conduct to be "fairly attributable" to the State, (1) the
deprivation must be caused by (a) the exercise of some right
or privilege created by the State or (b) by a rule of
conduct imposed by it or by a person for whom the State is
responsible, and (2) the defendant must be a person who may
fairly be said to be a state actor, either because the
person (a) is a state official, (b) acted together with or
has obtained significant aid from state officials, or (c)
performed conduct otherwise chargeable to the State. See id.
at 936-39.

4.  It is well-settled that neither a privately retained counsel
    nor a court-appointed public defender who performs a
    lawyer's traditional function as counsel to a defendant in a
    criminal proceeding could be deemed as acting under color of

law.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981).
Whether court-appointed or privately retained, a defense
attorney represents only his client and not the state.[1]  See
Johnson v. Kafrissen, 1995 U.S. Dist. LEXIS 8072, at *2
(E.D. Pa. June 5, 1995).  Therefore, Plaintiff's claims
against Kaiser, Plaintiff's public defender, must be
dismissed for failure to satisfy the color of law
requirement.

IT IS, therefore, on this 22nd day of January, 2010,

ORDERED that the Plaintiff's application to proceed in forma
pauperis without prepayment of the $350.00 filing fee pursuant to
28 U.S.C. § 1915(a) and (b) is hereby granted; and it is further

ORDERED that the Clerk of the Court is to file the Complaint
in the above-captioned action; and it is further

ORDERED that the Clerk of the Court shall serve a copy of

---

[1]

The only exception lies if a defense counsel conspires with
the prosecution.  However, for a conspiracy claim, there must be
evidence of (1) an actual violation of a right protected under §
1983, and (2) actions taken in concert by defendants with the
specific intent to violate that right.  See Williams v. Fedor, 69
F. Supp.2d 649, 665-66 (M.D.Pa.), aff'd, 211 F.3d 1263 (3d Cir.
2000) (citing Kerr v. Lyford, 171 F.3d 330, 340 (5th Cir. 1999));
see also Parkway Garage, Inc. v. City of Phila., 5 F.3d 685, 700
(3d Cir. 1993) (plaintiff must show that two or more conspirators
reached an agreement to deprive him or her of a constitutional
right under color of law); Kelley v. Myler, 149 F.3d 641, 648-49
(7th Cir. 1998) (an agreement or an understanding to deprive the
plaintiff of constitutional rights must exist).  Here, Plaintiff
does not assert any facts suggesting that Kaiser conspired with the
prosecutors.  Rather, Plaintiff's Complaint merely asserts that
Kaiser did not receive Plaintiff's phone calls and had only minimal
communications with Plaintiff with regard to taking a guilty plea.

this Order by regular mail on the Attorney General of the State of New Jersey and on the warden of the place of Plaintiff's confinement; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation; and it is further

ORDERED that an initial partial filing fee shall be deducted and, until the $350.00 filing fee is paid, in each succeeding month during which the amount in Plaintiff's account exceeds $10.00, the agency having custody of him shall assess, deduct from his account, and forward to the Clerk of the Court payments equal to 20% of the preceding month's income credited to his account, pursuant to 28 U.S.C. § 1915(b)(2), and each payment shall be referenced to the civil docket number of this action; and it is further

ORDERED that Plaintiff's complaint is DISMISSED WITH PREJUDICE; and it is finally

ORDERED that the Clerk shall serve a copy of this Order by regular mail upon the Plaintiff and shall close the file on this matter.

S/ Faith S. Hochberg
**Faith S. Hochberg**
**United States District Judge**